JUL 25 2025 AM10:50
FILED - USDC - FLMD - OCA

UNITED STATES DISTRICT COURT    MIDDLE DISTRICT
of FLORIDA

5:25-CV-466-PGB-PRL

GARCIA, RAYMOND    CASE# unknown

HOLME CORRECTIONAL INSTITUTION    DOC# 630892

Raymond GARCIA,
    Petitioner,

V.

RICKY DIXON, Dept of Corr.,
    Respondent

ATTORNEY GENERAL, FLORIDA

## PETITION 2254

1. (a) 5th Judicial Circuit, Marion County, Florida
   (b) 2009-CF-0399
2. (a) September 6, 2012
   (b) September 6, 2012
3. 100 years DOC
4. Yes
5. 12 counts, Poss. of Child Pornography
6. (a) Not Guilty.
   (c) Jury
7. NO
8. Yes
9. (a) 5th District Court of Appeals

   (c) per curium
   (d) 2013
   (e) 121 SO.3d 635
   (f) Anders Brief
   (g) NO

PROVIDED TO HOLMES CI    RG
JUL 2 1 2025
FOR MAILING

.1.

10. Yes

11. (a)(1) 5th Judicial Marion County, FloRIDA

(2) 2009-CF-0399

(3) November 8, 2013 supplement March 7, 2014

(4) 3.850 (Post conviction)

(5) 17 inneffective assistance of Counsel

(6) Yes

(7) denied

(8) November 17, 2014

(b)(1) 5th Judicial Marion County, FloRIDA

(2) 2009-CF-0399

(3) June 20, 2014

(4) 3.800

(5) Illegal Sentence

(6) Yes

(7) denied

(8) unknown (2014)

(c)(1) 5th Judicial Marion County, FloRIDA

(2) 2009-CF-0399

(3) February 19, 2015

(4) 3.850

(5) Inneffetion Assistance of Counsel

(6) Yes

(7) denied

(8)        (2015)

(d)(1) 5th Judicial Marion County, FloRIDA

(2) 2009-CF-0399

(3) April 10, 2015

(4) 3.800

(5) Illegal sentence

(6) Yes

(7) denied

2.

(e)

1. 5th Judicial, Marion County, Florida
2. 2009-CF-0399
3. July 1, 2021
4. Habeas Corpus
5. I.A.C
6. Yes
7. denied
8. 2022

(f)

1. 5th Judicial, Marion County, Florida
2. 2009-CF-0399
3. January 18, 2023
4. 3.850 [successive]
5. I.A.C., Manifest Injustice, Actual Innocence
6. Yes
7. denied
8. December 1, 2023

[3]

Petitioner is requesting a analytic review of the aforementioned precedents to be used to analyze Petitioners arguments thereafter.

1.) Stewart v. U.S. 646 F. 3d 856, 860 (11 cir 2011)
"When a petitioner raises a claim that could not have been raised in a prior habeas petition, courts have forgone a literal reading of "second or successive" at 860. "Claims based on a factual predicate not priviously discovered, are successive" but "...if... the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive" at 863 ①

2.) Scott v. U.S. 81 F. Supp. 3d 1326, 1334 (M.D. Fla. 2015)
"it is only defects that were wholly nonexistent at the time the petitioner filed his initial motion to vacate that will avoid being charactied as a second or successive in a subsequent motion to vacate" ①

Note: ① The 11th Circuit has already agreed with these subject matters in Petitioners 2244 (see case # 24-10206, p. 5) "The evidence relating to Garcias mental health is "new" in that he has attached documents that post-date his original 2254 petition". This is Ripen in Stewart and initial in Scott.

3.) *Hawkins v U.S. Dist. Lexis 106206*
"The Courts decision to reject expert testimony, <u>must be</u> founded on some reasonable basis in the evidence."

4.) *Hamer v City of Atlanta*, 872 F 2d 1521, 1532 (11<sup>cir</sup> 1989)
"Questions of weight and credibility of expert opinion testimony are for the jury"

5.) *Griffin v Coffee City*, 623 F. Supp. 3d 1365 (11<sup>cir</sup> 2022)
Evidence Testimony Experts:
    1. Qualifications
    2. Daubert Standard
    3. Helpfulness

6.) *Chicos Fas, Inc. v Clair*, 2015 US Lexis 67394
"In evaluating the admissibility of expert testimony, district courts, have substantial discretion in deciding how to test an experts reliability and whether the experts testimony is reliable."
    A. The expert is qualified to testify competently regarding the matters *he/she* attends to address;
    B. The methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in <u>Daubert</u> and
    C. The testimony assists the trier of facts through the application of Scientific, Technical, or Specialized expertise, to understand the evidence or determine facts in issue.

8.) Currier Standard

9.) Daubert Standard

10.) *House v Bell*, 126 S.C.T. 2064 (2006)

11.) Strickland Standard

12.) Manifest Injustice

13.) Miscarriage of Justice

14.) *Rosenfeld*, 654 F. 3d 1190, 1193
"It is <u>not</u> the function of the Court to determine the ultimate persuasivness of the testimony"

15.) *Bischoff*, 222 F. 3d 874, 882 (11<sup>CIT</sup> 2000)
"... on evidentiary hearings is required when the facts are in dispute and credibility issues to be determined"

# GROUND ONE

Court violated Due Process when it did
not follow precedents layed out by higher Courts,
when Petitioner showed by "Newly Discovered"
evidence that Counsel was ineffective by not sur-
-pressing States evidence, jail phone calls.
Violating 5th, 6th, and 14th Amendments

## Question:

Once "newly discovered evidence" ripens, now
does a petitioner show by expert testimony, the Jurys reasonable
doubt standard without holding evidentiary hearing?

Petitioner, at this time, would like to provide this
court, in the interest of Justice, with all evidence petitioner could
find, that will include "new and not presented" and "old evidence -
- of guilt addressed at trial". This way the "probative value" maybe
properly weighed by this court in hopes that Due Process may be
achieved.

## EVIDENCE ADDUCED AT TRIAL, AGAINST

1.) Redacted phonecalls used by State.
[Attachment A]

## EVIDENCE ADDUCED AT TRIAL, FOR

1.) States witness, Mary Hurd (ex-wife) giving conformation that Petitioner was talking about a totally different subject matter, then herself.
[Attachment B, p. 89, L14-25]

2.) Counsel during trial was aware of Mental Health conditions, but did not know of mental health diagnoses
[Attachment C, p. 38-39]

3.) Counsel, before trial started, knew that the phone calls, in question, never mentioned the charged crime
[Attachment D, p. 9, L 9-11]

4.) During the closing at trial, Petitioner tries to explain he was talking about the beastuality pictures on the phone
[Attachment E, p. 289, L 10-12]

5.) During closing, counsel says that the whole case is based on assumptions, inferences that the Petitioner never had possession and that noone viewed material because it was deleted. The phone calls were the States whole case.
[Attachment F, p. 256-59]

## EVIDENCE AT EVIDENTIARY HEARING

1.) Counsel _again_ admits that child pornography was not discussed on the phone
[Attachment G]

## EVIDENCE NOT PRESENTED

i.) Letter from expert explaining how without medication Petitioner would not be able to focus and would be confused about the issue at hand.
[Attachment H]

2.) New diagnoses of PTSD, Bi-polar, other social disorders, ADHD (as a child)
[Attachment I]

3.) Honorable Judge Stanley H. Griffs III, Circuit Court, Levy County, Fla., notices and comments on the Petitioners inability to keep/remain focused on topic
[Attachment J, P5 L: 14-16]

4.) Two weeks prior to Petitioners arrest (Jan 23, 2009) on the present case, Honorable Judge Terrance R. Ketchel, Circuit Court, Okaloosa, Fla., noticing Petitioners agitated mental state during proceedings, send Petitioner to holding cells to "cool down"
p.4, L 20-25
Petitioners ex-girlfriend informs Court of Petitioners mental health issues   p 17
[Attachment K, p 4, L 20-25; p 17]

IF this Court honors past precedents, then at the very least, a evidentiary hearing should be mandated.

If the Court does _not_ believe a evidentiary hearing is required, it still must factor the unrefuted expert and scientific publications as well as both Circuit Court Judges personal observations of the Petitioners unbalanced mental behaviors.

The Petitioner again asserts, had trial counsel forgone a expert on mental health, during a suppression hearing, said evidence would have been suppressed; Thereby, leaving the Jury to rely upon the weight of expert testimony alone.

The evidence supplied by Petitioner is "new" and did not fully "ripen" until after his initial motions were filed and final, therefor satisfying both Stewart and Scott.

In Closing, Petitioner asks this Court to honor his Due Process Rights, as sought herein.

## OATH

I swear that the above document is true and correct
Petitioner can read and understand the English language

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing
(2254) was placed into the hands of a FLDOC offical on
this day _July_, _21_/2025 for mailing by pre-paid
first class mail to:

1.) Attorney General Office
    PL-01 The Capital
    Tallahassee, FL
              32399

x _____
Raymond Garcia
Dc# 630892
Holmes Corr Inst
3142 Thomas dr
Bonifay, FL
        32425